# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPREHENSIVE HEALTHCARE | : | |
| MANAGEMENT SERVICES, LLC d/b/a | : | |
| BRIGHTON REHABILITATION AND | : | |
| WELLNESS CENTER f/d/b/a | : | |
| FRIENDSHIP RIDGE, | : | |
| Plaintiff, | : | Case No:  16-cv-358 |
| v. | : | |
| | : | |
| SEIU HEALTHCARE | : | |
| PENNSYLVANIA,CTW, CLC, | : | |
| Defendant. | : | |

### DEFENDANT SEIU's CONCISE STATEMET OF MATERIAL FACTS

1.  Brighton is a skilled nursing facility operating at 246 Friendship Circle, Beaver, Beaver County Pennsylvania 15009.  Brighton provides skilled nursing care services which are regulated by the Commonwealth of Pennsylvania Department of Human Services and is the employer herein ("Employer"). (Appendix A, CBA)

2.  SEIU Healthcare Pennsylvania ("Union") represents a bargaining unit of employees  at the Brighton facility  (Appendix B, Award).

3.  The Union and the Employer are signatories to a collective bargaining Agreement ("CBA") which commenced in March of 2014 and which terminates on March 1, 2017. (Appendix A).

4.  The CBA

5.  Prior to this Employer owning and operating this facility, it was owned and operated

by the County of Beaver for many years.  The Union represented this same unit of employees pursuant

to a collective bargaining agreement with the County (Appendix B)

6.  In November of 2013, in anticipation of the privatization of the facility, the County engaged

the Employer to operate the facility under a management agreement for a period of about four months.

Prior to the expiration of the Union's CBA with the County, the Union and the Employer entered in a CBA

which became effective on March 1, 2014 (Appendix B).

7.  The CBA – both the predecessor one with the County of Beaver and newly negotiated one

with this Employer, required the Employer to post job vacancies so that members of the bargaining

unit could elect to seek the posted position.

8.  Soon after becoming the owner and operator of the facility in March 2014, the Employer

began to post bids for permanent vacancies (jobs) by shift and job title, but did not include the specific

floors or hallway where the opening existed. These bid postings did not enable the employee to know

where the job for which s/he was entitled to bid was located. (Appendix B)

9.  After the bids were received, a manager would assign the successful bidder to the

specific unit or hallway it decided the employee would work on without regard to an employee's choice.

(Appendix B)

10.  At all times prior to March 1 2014, while the County operated the facility and during the

time that the Employer managed the facility under the management agreement and pursuant to the

CBA between the Union and County , all vacancy bids included the location, i.e., hallway or unit, for the

open position which gave the bidding employee the location of the position for which s/he could bid on.

(Appendix B)

    11. On May 23, 2015, the Union filed a class action grievance challenging the employer's manner

of posting of bids because they did not have the location of the bid on them. Managers assigned bidders

to units without any input from the employee bidding on the job. The Union contended that this

practice violated numerous provisions of the CBA, including Article 5, which governed various aspects of

employee seniority (Appendix B).

    12. On Mary 28, 2015, the Employer denied the grievance stating that it's practice was allowed

by the management rights provision of the CBA.(Appendix B)

    13.  Having not been able to resolve the grievance, the matter proceeded to arbitration on

November 30, 2015. (Appendix B)

    14. The Arbitrator issued his award on February 29, 2016, (the award is appended to the

Complaint as Exhibit A)  sustaining  the grievance and ordering  the Employer to""…promptly begin filling

permanent vacancies again by including the location on bid forms used during the bidding process."

(Appendix B)

    15. The provisions of the CBA which the Arbitrator reviewed and analyzed in light of the facts

presented were:

    a. Article 3 "Management Rights"
    b. Seniority "Article 5"
    c. Side Letters

(Appendix A and B)

16. Based upon the CBA and the facts presented to him, the Arbitrator issued his award on

February  29, 2016 sustaining the grievance.(Appendix B)

Respectfully Submitted,


\_\_\_/s/Claudia Davidson_____
LAW OFFICES OF CLAUDIA DAVIDSON
429 Fourth Ave, 5th Floor
Pittsburgh, PA  15219
(412) 391-7709
(412) 391-1190  (fax)